Daniel J. Rylander, P.C.
Attorneys At Law
St. Philip's Plaza
4340 North Campbell, Suite 266
Tucson, Arizona 85718
Office (520) 299-4922 Fax (520) 299-1482

Daniel J. Rylander
PCB #64969 - Ariz. Bar #15279
Noreen A. Cary
Ariz. Bar #027116

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In Re:

BRECELJ, VALERIE ANN
SS# XXX-XX-5411

Case No: 4:11-bk-16245-JMM

**ORDER CONFIRMING CHAPTER 13 PLAN AND AWARDING ATTORNEY'S FEES AS ADMINISTRATIVE EXPENSE**

Debtor
_____/

Attorneys for Debtor: Daniel J. Rylander, AZ Bar No. 15279
Noreen A. Cary, AZ Bar No. 027116

The Debtor's Chapter 13 Plan was filed on or about June 21, 2011, and thereafter copies of said Plan and attendant documents were transmitted to the creditors and other interested parties.

The Court has determined after notice to all necessary parties and an opportunity to object that:

1. The Plan complies with 11 U.S.C. §1301 et seq., and any other provisions in the United States Bankruptcy Code and applicable Federal and State law;

2. Any fee, charge or amount required under 28 U.S.C. §123 or by the Plan, to be

paid before confirmation of the Plan has been paid;

3. The Plan has been proposed in good faith and not by any means forbidden by law;

4. As of the effective date of this Plan, the value of property to be distributed under this Plan to the account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under 11 U.S.C. §701, et. seq. Except as provided below, this Plan provides for *pro rata* payments to the unsecured creditors of the amount due to said unsecured claimants.

5. The Debtor is instructed to remit all payments on or before the stated due date each month. The Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

6. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

7. The Debtor shall submit to the Trustee copies of all tax returns required to be filed during the term of this Chapter 13 proceeding.

8. The Debtor hereby certifies that pursuant to 11 U.S.C. Section 1325(a)(8), (9), all payments that have come due since the filing of this case on any Domestic Support Obligation are current and all required tax returns have been filed.

9. General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(A).

10. With respect to each allowed secured claim provided for by the Plan
    (a) The holder of such claim has accepted the Plan;

a. The Plan provides that the holder of such claim retain the lien securing its claim, and

b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each such claim is not less than the allowed amount of such claim, or

(b) The Debtor surrender the property securing such claims to the holder, and

11. Secured Creditors:.

(a) **AMERICREDIT FINANCIAL SVCS**, account no. **8068**, (Claim no. 1) for that certain **2006-MITSUBISHI GALANT, VIN: 4A3AB56FX6EO15248**, having filed a proof of claim in an amount different than that of the Debtor's Chapter 13 Plan, and Debtor's counsel having objected to that proof of claim, **AMERICREDIT FINANCIAL SVCS** shall be paid pursuant to the order scheduled to be uploaded April 1, 2012 in the amount of **$9,600.00**, at an interest rate of six percent (**6%**), and shall receive adequate protection payments of **$96.00** per month, and shall be paid pursuant to it's proof of claim a pro rata share of funds available for general unsecured claimants, and any amounts remaining unpaid shall be discharged, and upon Plan payoff and the entry of Debtor's discharge the lien on that certain **2006-MITSUBISHI GALANT, VIN:4A3AB56FX6EO15248** shall be released by **AMERICREDIT FINANCIAL SVCS.**

(b) **AMERICREDIT FINANCIAL SVCS**, account no. 8068, (Claim no. 2), having filed a secured supplemental proof of claim for repossession or transport of that certain **2006-MITSUBISHI GALANT, VIN: 4A3AB56FX6EO15248** in the amount of $350.00, Debtor's counsel having objected to that proof of claim, being there is no value beyond the lien in Claim no. 1**, AMERICREDIT FINANCIAL SVCS** proof of claim no. 2 shall be treated as a general unsecured creditor pursuant to the order

scheduled to be uploaded April 1, 2012, and shall be paid a pro rata share of funds available for general unsecured claimants, and any amounts remaining unpaid shall be discharged.

12. Secured Creditors-Surrender: NONE

13. Tax claims:

   a.. **THE INTERNAL REVENUE SERVICE** having filed its proof of claim in an amount different than that which was provided for in the Debtor's Chapter 13 Plan, the Debtor's Plan is hereby amended to pay **THE INTERNAL REVENUE SERVICE** per its proof of claim for tax year 2010 for the sum of **$133.76** for its priority claim, and any amounts remaining shall be paid as an unsecured nonpriority claim.

14. Administrative Expenses:

   (a) **Trustee's fees and costs:** Pursuant to 28 U.S.C. §586(e)(1)(B) and §586(e)(2) the Chapter 13 Trustee shall receive an amount not to exceed ten percent (10%) of each payment received from Debtor for her fees and costs or as otherwise adjusted by the United States Attorney General.

15. Debtor's Attorneys Fees:

   (a) Debtor's counsel has been paid the sum of $500.00 by the Debtor directly prior to filing of the case, and having made application for fees in the total amount of $3,500.00, Debtor's counsel is entitled to an award of attorneys fees in the total amount of $3,500.00, with the remaining sum of $3,000.00 to be paid from Plan proceeds.

16. Attached to this Order Confirming Plan is an <u>AMENDED ANALYSIS OF ORDER CONFIRMING Plan</u>.

IT IS ORDERED THAT:

1. The Debtor's Chapter 13 Plan as modified in this Stipulated Order Confirming Plan, is hereby confirmed.

2. The Debtor's Plan payment period shall be 54 [55] months and the payment schedule

shall be as follows: Beginning June 21, 2011

$ __300.00__ x __3 months__

$ _____.00__ x __2 months__

$ __300.00__ x __1 month__

$ __900.00__ x __1 month__

$ _____.00__ x __1 month__

$ __300.00__ x __~~46~~ 47 months__

$16,200.00 Plan Base/~~54~~ 55 months

3. **IT IS FURTHER ORDERED** awarding Debtor's counsel their remaining attorney's fees in the amount of $3,000.00 and the Chapter 13 Trustee is ordered to remit this sum to Debtor's counsel.

**DATED AND SIGNED ABOVE**

APPROVED AS TO FORM AND CONTENT:

_[signature]_

Daniel J. Rylander, AZ Bar No. 15279
Noreen A. Cary, AZ Bar No. 027116
DANIEL J. RYLANDER, P.C.
Attorneys for Debtor

APPROVED AS TO FORM AND CONTENT:

_[signature] 8/30/12_

DIANNE C. KERNS, Chapter 13 Trustee
or CRAIG MORRIS, Attorney for the
Chapter 13 Trustee

**AMENDED**
LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **VALERIE ANN BRECELJ**     Case No.: **4:11-bk-16245-JMM**
Prior:    Chapter 7 ( )    Chapter 13 ( **X** )     Date: **March 14, 2012**

## TOTAL DEBT AND ADMINISTRATE EXPENSES
### PROVIDED FOR BY THE PLAN

| | | | |
|---|---|---|---|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ | 3,000.00 |
| B. | PRIORITY CLAIMS | $ | 133.76 |
| | 1. Taxes | $ | 133.76 |
| | 2. Other | $ | 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ | 0.00 |
| D. | PAYMENTS ON SECURED CLAIMS | $ | 11,267.70 |
| E. | PAYMENTS ON OTHER CLASS | $ | 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ | 178.54 |
| G. | SUB-TOTAL | $ | 14,580.00 |
| H. | TRUSTEE'S COMPENSATION ( **10** % of debtor's payments) | $ | 1,620.00 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ | 16,200.00 |

### RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1. Value of debtor's interest in nonexempt property | $ | 15.00 |
| | 2. Value of property recoverable under avoiding powers | $ | 0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ | 0.00 |
| | 4. Less: Priority claims | $ | 133.76 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ | 0.00 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ | 178.54 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com     Best Case Bankruptcy

Case 4:11-bk-16245-BMW    Doc 35    Filed 09/12/12    Entered 09/12/12 16:21:35    Desc
Main Document - Notice of Submitting     Page 6 of 6